UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

UNITED STATES OF AMERICA,

- against -

NOLBERT MIRANDA, ET AL.

                    Defendants.

------------------------------------------------------------- X

S12  11 Cr. 576 (WHP)

# MEMORANDUM OF LAW IN SUPPORT OF
# NOLBERT MIRANDA'S MOTION *IN LIMINE* TO STRIKE
# SURPLUSAGE FROM THE INDICTMENT

Gary G. Becker
Gary G. Becker, LLC
Attorney for Nolbert Miranda
200 West 57th Street
Suite 900
New York, NY 10019
212-981-1980

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

- against –

Ind. No. S12 11 Cr. 576 (WHP)

NOLBERT MIRANDA, ET AL.

Defendants.
------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF NOLBERT MIRANDA'S MOTION IN LIMINE TO STRIKE SURPLUSAGE FROM THE INDICTMENT

This memorandum of law is respectfully submitted on behalf of Nolbert Miranda in support of his motion *in limine*, pursuant to Rule 7(d), Fed.R.Crim.P., to strike certain irrelevant and highly prejudicial language from the Indictment which will serve only to inflame the jury and jeopardize Mr. Miranda's right to a fair trial.[1] We refer specifically to: (i) the unfairly prejudicial and inaccurate narrative that constitutes the "Introduction" to the Indictment, (¶1); and (ii) the Indictment's identification of Mr. Miranda in the caption by reference to an irrelevant and unfairly prejudicial "a/k/a" "PayDay."

Federal Rule of Criminal Procedure 7(d) provides a district court with broad authority to strike extraneous matter, or "surplusage," from an indictment if the challenged allegations "are not relevant to the crime charged and are inflammatory and

---

[1] All defense counsel wish to join in this motion on behalf of their respective clients. I acknowledge that the Court had directed the parties to file their *in limine* motions by September 13, 2012. I apologize for the late filing of this motion and respectfully request that the Court accept it. I of course have no objection to the government having additional time to respond.

prejudicial." *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001). *See, e.g., United States v. Reyes*, 922 F.Supp. 818 (S.D.N.Y. 1996)(striking reference to the unsupported term "Reyes Crew" in drug distribution case because it was inadmissible and unfairly prejudicial); *United States v. Vastola*, 670 F.Supp. 1244, 1255 (D.N.J. 1987)(noting prejudicial effect on jury of judge's reciting non-evidentiary, prejudicial portion of preamble to indictment and striking language).

### 1. The Narrative "Introduction" to the Indictment

Rather than set forth any criminal charge or the essential facts constituting a criminal offense, the Introduction to the Indictment is simply a prejudicial and inaccurate narrative by the government intended to sway the jury's emotions. It provides in full:

INTRODUCTION

> 1. At all times relevant to this Indictment, the defendants JOSHUA MEREGILDO, a/k/a 'Killa,' MELVIN COLON, a/k/a 'Melly,' EARL PIERCE, a/k/a 'Ski Box,' NOLBERT MIRANDA, a/k/a 'PayDay,' and others known and unknown, were members and associates of the Courtlandt Avenue Crew ('CAC'), a criminal organization whose members and associates engaged in, among other things, narcotics trafficking, attempted murder, and murder. The CAC operated principally in the Bronx, New York.

The most serious problem with the Introduction is that it misleadingly tells the jury that Mr. Miranda, together with his three co-defendants, was a "member and associate" of the deadly violent criminal racketeering enterprise identified in Count One, which the government dubs the Courtlandt Avenue Crew. But Mr. Miranda is *not* charged in Count One and he is *not* alleged to have been a member of the Courtlandt Avenue Crew. Our *sub judice* severance motion on Mr. Miranda's behalf discusses the

2

enormous difficulty the jury will have differentiating between the acts of Mr. Miranda and those of his co-defendants. That the government also unfairly groups Mr. Miranda with his co-defendants in the first paragraph of the Indictment provides powerful additional evidence that trying Mr. Miranda with his co-defendants will hopelessly prejudice the jury against him.

The government may note that Mr. Miranda is charged in Count Two (RICO conspiracy) with "associating" with the enterprise but that only amplifies the unfair prejudice of the Introduction's inaccurate claim that "associates" of the enterprise, including Mr. Miranda, engaged in "among other things, narcotics trafficking, attempted murder, and murder." Again, as we stress in our motion for severance, Mr. Miranda is *not* alleged to have committed a single murder, attempted murder, or any other act of violence. Yet it is impossible to read the Introduction to the Indictment and not conclude that Mr. Miranda, like his three co-defendants, *is* alleged to have participated in a slew of murders and attempted murders. The allegations in the Introduction against Mr. Miranda are simply inconsistent with the allegations in the counts in which Mr. Miranda is charged. Unless these inflammatory, inaccurate, and inconsistent accusations are stricken, there is a real danger that the jury will speculate about the reasons for their inclusion in the Indictment and may find Mr. Miranda guilty of the offenses with which he *is* charged based on these unsupported, inflammatory accusations.

Applying the standards of Rule 7(d), Fed.R.Crim.P., it is plain that the offending language of the Introduction should be stricken. There can be no claim that evidence supporting the allegations that Mr. Miranda was a "member" of the enterprise, or an

3

"associate" who engaged in murders and attempted murders will be admitted at trial given the undisputed fact that Mr. Miranda is not charged with such conduct. The narrative language of the Introduction is not a part of any of the counts in the Indictment, and proof of the accusations in the Introduction is not necessary to satisfy any of the elements of the offenses that are charged against Mr. Miranda. The jury should not be left to ponder or speculate as to whether Mr. Miranda is a murderer, but absent striking of the Introduction's accusations there is a great danger that they will do exactly that.

2. **The Indictment's Identification of Mr. Miranda As "Nolbert Miranda a/k/a 'PayDay'"**

Mr. Miranda is identified in the caption of the Indictment as "Nolbert Miranda, a/k/a 'PayDay.'" There is not a single word in the balance of the Indictment that provides even a glimpse as to why the government believes it was necessary and appropriate to identify Mr. Miranda that way. There is no suggestion that Mr. Miranda ever went by the moniker "PayDay" as a means to conceal his true identity. Nor has the government asserted that "PayDay" was an identity assumed by Mr. Miranda that coincided with his introduction to or participation in criminal activity. Inclusion of "PayDay" in the Indictment will not assist the jury to identify Mr. Miranda with respect to any of the charged offenses or link evidence of any of the charged crimes to Mr. Miranda.

Yet because Mr. Miranda is charged in a for-profit conspiracy to distribute a controlled substance there is the very real danger that the jury will speculate that Mr. Miranda earned the nickname "PayDay" because he was a successful, profitable retailer

4

of crack cocaine. But on information and belief the origins of Mr. Miranda's nickname is quite to the contrary and quite innocent. Commissary accounts for prisoners at Rikers Island are apparently replenished on a bi-weekly or monthly basis, generally on the same day of the week each time. Some years ago, when Mr. Miranda found himself a prisoner at Rikers Island, fellow inmates kidded him over the eagerness with which he anticipated every "commissary day". He was known for that and so fellow prisoners affectionately pegged him with the nickname "PayDay." The nickname stuck. There was nothing nefarious about it and it bears no relevance to Mr. Miranda's alleged commission of any of the three counts in the Indictment with which he is charged.

For these reasons, and in consideration of the legal analysis set forth above and in Defendant Joshua Meregildo's Memorandum of Law in Support of His Motions *In Limine*, dated September 13, 2012, at Point 4, we respectfully submit that the Court should strike Mr. Miranda's "a/k/a" from the Indictment pursuant to Rule 7(d), Fed.R.Crim.P.

**Conclusion**

For the foregoing reasons, the Court should exercise its discretion and strike from the Indictment both the Introduction and the a/k/a "PayDay" in the Indictment's caption pursuant to Rule 7(d), Fed.R.Crim.P.

September 19, 2012
New York, NY

Respectfully submitted,

Gary G. Becker
Gary G. Becker, LLC
Attorney for Nolbert Miranda
200 West 57th Street
Suite 900
New York, NY 10019
212-981-1980

cc: Nola Heller, AUSA
    Adam Fee, AUSA
    Santosh Aravind, AUSA

    Defense Counsel